### JAMES PINTO v. A. G. RINTLEMAN.

Decided March 17, 1906.

**1.—Lease for Five Years—Breach—Statute of Frauds—Damages.**

A suit for damages for breach of an oral contract for the lease of real estate for a term of five years can not be maintained because such contract is within the statute of frauds.

**2.—Special Verdict—Finding by Court.**

The court may supplement the special findings of a jury by its own findings of fact from the undisputed evidence.

Appeal from the District Court of Tarrant County. Tried below before Hon. Mike E. Smith.

*Morgan Bryan* and *John W. Wray,* for appellant.—It was the duty of the court to have rendered a judgment for the appellant on the find-

ings of the jury in connection with the written agreement that the court should render such judgment as he ought under the findings of fact, and the measure of damages is that announced by this court in Massie v. State National Bank, 11 Texas Civ. App., 282. If this case does not establish the true measure of damage, still the court erred in rendering judgment for the appellee and not rendering judgment for the appellant for such damages as naturally and proximately flowed from a breach of the lease contract. Taylor's Landlord & Tenant, ed. 1904, sec. 47. Also sec. 317, and authorities cited under these sections; Jones v. George, 61 Texas, 354; Sutherland on Damages, ed. 1903, sec. 79, and authorities cited.

*R. L. Carlock* and *J. E. Burton,* for appellee.—To hold that notwithstanding the contract in question may be void by reason of being denounced by the statute of frauds, still damages can be recovered for a breach thereof, would be in effect to nullify and render useless the statute of frauds, and permit to be done indirectly that which the law says can not be done directly; and would operate as a substantial repeal of the said statute of frauds. Rev. Stats., sec. 2543; Ray v. Young, 13 Texas, 550; Hurley v. Woodsides (Ky.), 54 S. W. Rep., 8; Lydick v. Holland, 83 Mo., 703; Leavitt v. Stern (Ill.), 42 N. E. Rep., 869; Hillhouse v. Jennings, 38 S. E. Rep., 596; Moore v. Howell, 6 Texas Civ. App., 50; Brown on Stat. of Frauds, 4th ed., art. 284.

STEPHENS, ASSOCIATE JUSTICE.—Appellee agreed with appellant to lease to him for a term of five years certain real estate in the city of Fort Worth at a stipulated price per month, payable in advance, obligating himself within a reasonable time to execute and deliver to appellant a written lease, with the usual covenants. Within a reasonable time thereafter, appellant demanded of him the execution of the lease, tendering the first month's rent. Appellee not only declined to accept the money and execute the lease, but let the premises to another. This suit was subsequently brought to recover damages for a breach of the contract and resulted in a judgment, on a special verdict, denying a recovery on the ground that the contract for a lease, being oral, was within the statute of frauds. The special verdict merely established the making of the contract and the measure of damages for its breach. The court, however, found from the undisputed evidence that this contract was oral and the case is brought here on the special verdict, supplemented with this finding of the judge, without any statement of facts. The fact that the contract was oral must, therefore, be treated as established. (Featherstone v. Brown, 88 S. W. Rep., 470), in which writ of error was refused.

There is another feature of the record, however, which may be noticed, and that is the agreement of counsel copied in the transcript to the effect that the court might "render such a judgment on the findings of the jury as the law authorizes." Without determining whether this part of the transcript should be treated as a part of the record of the proceedings in the court below, we have concluded that it added nothing to and took nothing from the power of the court to enter a judgment on the special verdict and the undisputed facts not in conflict therewith.

The question to be determined by the appeal, then, is, whether or not an oral contract for a lease of real estate for a longer period than one year is valid, and this question we find easy of solution, since the case comes clearly within the terms of our statute on that subject. The judgment is therefore affirmed.

*Affirmed.*